ANN S. MAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
May v. Commissioner
Docket No. 9000-92
United States Tax Court
T.C. Memo 1993-86; 1993 Tax Ct. Memo LEXIS 92; 65 T.C.M. (CCH) 2063; March 15, 1993, Filed *92 Ann S. May, pro se. For respondent: Eric D. Swenson. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for 1989 in the amount of $ 1,346 and an addition to tax under section 6651(a) for 1989 in the amount of $ 336.50. Some of the facts have been stipulated, and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in La Verne, California, when she filed her petition. Respondent now concedes that petitioner's proper filing status in 1989 should be "head of household," rather than "single" as reflected in the notice of deficiency. After such concession, the issues for our decision are: (1) Whether petitioner *93 is subject to income tax on $ 14,432 she received from the California Department of Social Services, In-Home Supportive Services program, for her services in attending to her disabled adult daughter; (2) whether petitioner is subject to tax on her 1989 interest income of $ 370; and (3) whether petitioner is liable for additions to tax under section 6651(a). Petitioner did not file a 1989 Federal income tax return. Respondent timely issued a notice of deficiency with respect to petitioner's 1989 taxes on March 20, 1992. Petitioner resided with her physically and mentally disabled adult daughter, Pamela May, in 1989. Pamela May requires assistance throughout the day and her care includes assistance in eating, bathing, and even walking. A California State welfare agency, In-Home Supportive Services (IHSS), determined that petitioner's daughter was entitled to receive State assistance to pay for required nonmedical care. Petitioner provided that care, and in accordance with the requirements of the state agency, she submitted bimonthly timesheets to the IHSS certifying the number of hours she furnished such services for her daughter. Petitioner noted on each bimonthly timesheets *94 submitted to the IHSS that the number of hours she actually worked exceeded the number of hours she was authorized to work. Bimonthly checks were disbursed by the IHSS directly to petitioner after the submission of her timesheets. Petitioner received $ 14,432 during 1989 from the IHSS for services provided to her daughter, Pamela May. Petitioner received interest income in the amount of $ 370 in 1989. As to the issue of taxation of the amounts which petitioner received from the State of California for her services to her disabled adult daughter pursuant to the State's IHSS program, this case is substantially identical to Bannon v. Commissioner, 99 T.C. 60 (1992). In the Bannon case, which involved terribly difficult circumstances similar to those in the present case in which an adult child required round-the-clock total daily care, this Court analyzed the law in detail and stated, supra at 67: Petitioner's situation is sympathetic. She is to be lauded for the beneficence and compassion she has shown to her disabled daughter. But we cannot grant petitioner the relief she seeks. * * * We hold that petitioner's receipt of payments under *95 California's in-home supportive services program did not constitute a welfare benefit to her and is therefore includable in her income for Federal income tax purposes. [Citations omitted.]
There is no virtue in our reviewing the law again or reciting the details of a highly sympathetic fact situation which is not distinguishable from the circumstances recited in the Bannon opinion. That opinion is controlling here, and we must sustain respondent on the issue of petitioner's income from payments under California's IHSS program. Petitioner's interest income is includable in gross income and subject to income tax under section 61(a)(4). Since we believe petitioner had reasonable cause for failing to file her 1989 tax return timely, we hold that petitioner is not liable for an addition to tax under section 6651(a). Because of the concession by respondent, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩